MURPHY, Circuit Judge,
concurring specially.
Oklahoma’s newly enacted statute governing the reproductive rights of uneman-cipated minors requires parental notification at least forty-eight hours prior to the termination of a minor’s pregnancy. Okla. Stat. tit. 63, § 1-740.2. The statute contains a judicial bypass procedure that “shall be confidential and shall be given precedence over other pending matters so that the court may reach a decision promptly and without delay so as to serve the best interests of the pregnant uneman-cipated minor.” Id. § 1-740.3(C). In those. circumstances when the state trial court refuses to bypass the parental notifi *1303 cation requirements, “[a]n expedited confidential appeal shall be available.” Id. § 1-740.3(D).
Nova Health Systems (“Nova”) asserts Okla. Stat. tit. 63, § 1-740.3 is facially unconstitutional because it fails to set out a definitive, concrete time-frame within which bypass proceedings must be completed. Without a concrete time-frame, Nova argues, § 1-740.3 fails to comply with the Supreme Court’s directive that judicial bypass proceedings “must assure that a resolution of the issue, and any appeals that may follow, will be completed with anonymity and sufficient expedition to provide an effective opportunity for an abortion to be obtained.” Bellotti v. Baird, 443 U.S. 622, 644, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979).[1] Nova’s assertion is not without support. Planned Parenthood of S. Ariz. v. Lawall, 180 F.3d 1022, 1024, 1028-32 (9th Cir.1999); Causeway Med. Suite v. Ieyoub, 109 F.3d 1096, 1110-11 (5th Cir.1997), overruled on other grounds by Okpalobi v. Foster, 244 F.3d 405, 427 n. 35 (5th Cir.2001); see Zbaraz v. Hartigan, 763 F.2d 1532, 1539-41 (7th Cir.1985); Am. Coll. of Obstetricians & Gynecologists v. Thornburg, 737 F.2d 283, 296-97, 307 (3d Cir.1984). But see Manning v. Hunt, 119 F.3d 254, 270-72 (4th Cir.1997).
Despite these authorities, the court rejects Nova’s contentions and affirms the district court’s denial of preliminary in-junctive relief on the ground Nova has not demonstrated a substantial likelihood of success on the merits. Majority Op. at 1299, 1301-02. According to the court’s opinion, two points are critical. First is the complete absence of evidence in the record “that there is, has been, or will be any impermissible delay as to bypass petitions.” Id. at 1301. Second, in view of the state of the record on appeal, is the presumption that the Oklahoma state courts will follow the law and protect the constitutional rights of the citizens of Oklahoma. Id.
Although the weight of authority favoring Nova’s position gives me some pause, I must ultimately agree that Nova has not demonstrated a substantial likelihood of success on the merits. The outcome is compelled by the procedural posture of this case, i.e., a blunt facial attack on a state legislative enactment. See Planned Parenthood of Se. Pa. v. Casey, 505 U.S. 833, 895, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992) (holding that a law regulating reproductive rights is unconstitutional on its face if, “in a large fraction of the cases in which [the statute] is relevant, it will operate as a substantial obstacle to a woman’s choice to undergo an abortion”); Jane L. v. Bangerter, 102 F.3d 1112, 1116 (10th Cir.1996) (holding that Casey’s undue burden standard applies to facial challenges to laws regulating reproductive rights).
Bellotti simply requires each step in a judicial bypass proceeding “be completed with ... sufficient expedition to provide an effective opportunity for an abortion to be obtained.” 443 U.S. at 644, 99 S.Ct. 3035. In drafting laws like that at issue here, states are entitled to presume their judges will comply with the mandated procedural requirements, i.e., giving bypass proceedings priority over other matters and resolving the proceedings with expedition. Cf. Ohio v. Akron Ctr. for Reprod. Health, 497 U.S. 502, 515, 110 S.Ct. 2972, 111 L.Ed.2d 405 (1990). There is nothing in Bellotti remotely suggesting a definitive, concrete time-frame must be written into state law in order to satisfy the requirement of expedition. The reason may very well be that the need for expedition is *1304 intensely case specific and will often depend on factors unique to the individual unemancipated minor. Such factors could include, among others, the mental, emotional, and physical health of the minor; the point of gestation[2]; and the availability of abortion providers at various points of gestation.[3] Without such defining facts, a court lacks context by which to judge the expedition necessary to preserve the window of opportunity for the safe and effective termination of a pregnancy. Thus, when faced with a state statute mandating bypass proceedings be given priority and be decided with expedition, and in the complete absence of any record evidence state courts will fail to fulfill that mandate, federal courts should hesitate to impose upon the states a rigid time frame for acting on bypass petitions.
Thus, consistent with the court’s opinion, I conclude Nova has not carried its burden of demonstrating the absence of definitive, concrete time-frames in § 1-704.3 renders the statute unconstitutional on its face. This decision does not, however, leave the reproductive rights of unemancipated minors in Oklahoma unprotected. As noted above, the outcome in this case turns almost entirely on the procedural posture of the case, i.e., a facial challenge to a state statute when there is absolutely no record evidence Oklahoma state courts will fail to comply with the statutory mandate for expedition. Any unemancipated young woman who is not afforded the expedition constitutionally required by the circumstances of her particular case is, however, free to proceed to federal court with an as-applied challenge to § 1-704.3. Such proceedings themselves must, of course, be resolved with expedition, so that the federal courts do not fail in their duty to protect the constitutional rights of a citizen of the United States. Although some might bemoan the necessity to proceed with as-applied challenges, such a result is both necessary and appropriate under the particular circumstances of this case.
With these additional observations, I join the court’s opinion.

. As noted in this court's decision, although Bellotti was a plurality opinion, it has subsequently been invoked by Supreme Court majorities and the courts of appeals have held the Bellotti requirements to be controlling. Majority Op. at 1299 n. 7 (collecting cases).

. A later term abortion being more dangerous than an earlier term abortion.

. Assuming a local provider of reproductive services only providing abortions until the sixteenth week of gestation, all other things being equal, a bypass proceeding initiated in the fifteenth week of gestation would require greater expedition than one initiated in the twelfth week.